```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF ALABAMA
                    NORTHERN DIVISION

UNITED STATES OF AMERICA,    *
     PLAINTIFF,              *
V.                           *    CASE NO.2:06CR148-WHA
BENJANIN L. VANBUREN,        *
     DEFENDANT.              *
```

**MOTION TO SUPPRESS AND MEMORANDUM IN SUPPORT THEREOF**

Comes now the defendant and moves to suppress all evidence and statements obtained as a result of a vehicle stop, search and seizure conducted on or about December 19, 2005.

1. On December 19, 2005 Alabama State Trooper Shawn Loughridge initiated a traffic stop of defendant's vehicle on I-85 North near exit 32 in Macon County, Alabama. The reason for the stop was speeding. The defendant was the lone occupant of the vehicle.

2. The defendant was questioned, ordered to get out of his vehicle and was subjected to a pat down search for weapons. During the course of the pat down search Trooper Loughridge seized an object from defendant's clothing that was later identified as a small plastic ziplock baggie containing a crystalline substance, alleged to be methamphetamine. A further search by the Trooper disclosed

another baggie of methamphetamine. The Trooper then searched the vehicle and discovered a handgun in the center console of the vehicle. Defendant later made incriminating statements.

    3. Defendant was subsequently indicted for the instant crimes.

    4. In *U.S. v. Purcell*, 236 F. 3d 1274, 1277 (11th Cir. 2001) the following standard applicable to vehicle stop and searches was stated:

> The Fourth Amendment protects individuals from unreasonable search and seizure. A traffic stop is a seizure within the meaning of the Fourth Amendment ... Because a routine traffic stop is only a limited form of seizure, it is more analogous to an investigative detention than a custodial arrest ... Therefore, we analyze the legality of these stops under the standard articulated in *Terry v. Ohio* ... Under *Terry*, an officer's actions during a traffic stop must be 'reasonably related in *scope* to the circumstances with justified the interference in the first place'... Furthermore, the *duration* of the traffic stop must be limited to the time necessary to effectuate the purpose of the stop ... The traffic stop may not last 'any longer than necessary to process the traffic violation' unless there is articulable suspicion of other illegal activity ....

    5. In *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct 2130, 124 L.Ed.2d 334 (1993) is was held that plain feel

searches are not valid unless the officer complied with *Terry*, and the incrimination character of the object seized was immediately apparent. It is defendant's contention that the Trooper had no reason to conduct a *Terry* search, nor was the object seized immediately apparent to be either a weapon or illegal contraband.

 6. The burden of proof is upon the government to establish an exemption to the Fourth Amendment requirement. See *U.S. v. Jeffers*, 342 U.S. 48, 51 (1951); Minnesota v. Dickerson, supra.

 7. There was no probable cause to seize or search the defendant or the vehicle and seize the contents of same and the search/seizure exceeded the scope of the stop. Any further evidence gained as the result of an illegal search or seizure must also be suppressed.

 8. Therefore, the defendant respectfully requests this court to schedule a hearing, and upon conclusion of same grant his motion to suppress evidence pursuant to the Fourth Amendment to the United States Constitution, and such other relief as this Court deems just and proper.

 Respectfully submitted this the 21st day of September, 2006.

                                                        s/Jeffery C. Duffey  
                                                        Jeffery C. Duffey  
                                                        Attorney for Defendant

Law Office of:  
Jeffery C. Duffey  
600 South McDonough Street  
Montgomery, Alabama  
Phone: (334) 834-4100  
Fax: (334) 834-4101  
email: Jcduffey@aol.com  
Bar No.  ASB7699F67J

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Terry Moorer  
AUSA  
P.O. Box 197  
Montgomery, AL 36101

                                                        S/Jeffery C. Duffey  
                                                        Jeffery C. Duffey