IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-cr-148-WHA-SRW |
| | ) | |
| BENJAMIN L. VANBUREN | ) | |

**RESPONSE TO MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files the above-captioned response, and as reasons therefore, submits the following:

FACTS

On December 19, 2005, Task Force Officer (TFO) Randy Pollard and others executed a search warrant.  The search revealed, among other things, that Jeremy Morgan had approximately 23 grams of methamphetamine hidden inside his wallet. Morgan chose to cooperate with the officers to further their investigation.  Morgan told the officers about his involvement in several methamphetamine transactions with various persons, including defendant VanBuren.  In substance, Morgan said defendant VanBuren supplied methamphetamine to Christopher Ramirez and Ramirez in turn supplied Morgan. At the direction of law enforcement, Morgan called another source for methamphetamine, Kyle Bailey, to order methamphetamine.  Bailey told Morgan that he should call  Ramirez and VanBuren to obtain methamphetamine because he could not supply additional methamphetamine to Morgan at the time.  Morgan made several calls to Ramirez.  From the telephone calls, agents learned that Ramirez and VanBuren were at a mobile home in Tallassee, Alabama.  Morgan identified VanBuren's Toyota 4-Runner which was parked

at the trailer.   Ramirez agreed to bring an ounce of methamphetamine to Morgan in Montgomery, Alabama.  Agents subsequently arrested Ramirez in Montgomery, Alabama, when he tried to deliver the methamphetamine to Morgan.  At approximately 7:30 p.m. on December 19, 2005, agents saw the Toyota leave the trailer and travel North on Interstate 85 toward Atlanta, Georgia.   Trooper Shawn Loughridge was summoned by the surveillance team to follow the Toyota.  Trooper Loughridge stopped defendant VanBuren for speeding.  As Trooper Loughridge came near the Toyota, he saw defendant VanBuren making movements towards the center console and appear to reach under the drivers seat. The suspicious movements by defendant VanBuren made Trooper Loughridge order defendant VanBuren to get out of the Toyota.  A pat down revealed a bag of methamphetamine in defendant VanBuren's trouser pocket. A further search of VanBuren revealed methamphetamine inside a cigarette pack.  A handgun was inside the center console, but VanBuren had no permit for the firearm.

## ARGUMENT

First, a traffic offense is sufficient probable cause to stop a motorist.  <u>United States v. Pruitt</u>, 174 F.3d 1215 (11th Cir. 1999). Absent the traffic offense, Trooper Loughridge had probable cause to stop the Toyota 4-Runner driven by defendant VanBuren because defendant Morgan gave the officers specific information to reasonably believe the Toyota 4-Runner would contain either narcotics or indicia of narcotics trafficking such as currency. Prior to the traffic stop, Defendant Morgan told the officers about his narcotics relationship with defendant VanBuren; within the preceding 24 hours, VanBuren sold narcotics to defendant Morgan; and defendant VanBuren used the Toyota 4-Runner to bring narcotics from Georgia to Alabama . Once defendant VanBuren  pulled over, the officer had a right

to ask defendant VanBuren to get out of the 4-Runner.  United States v. Roper, 702 F.2d 984, 987 (11th Cir. 1983) (citing Pennsylvania v. Mimms, 434 U.S. 106, 110-11 (1977).

Next, the search of the console was permissible for officer safety because of the motions Trooper Loughridge saw defendant VanBuren make towards the console. Michigan v. Long, 463 U.S. 1032, 1049 (1983); United States v. Palmer, 360 F. 3d 1243, 1246 (10th Cir. 2004).  Defendant VanBuren had no license for the pistol therefore the officers had a right to search Defendant VanBuren incident to arrest.  New York v. Belton, 453 U.S. 454, 461 (1981).

Respectfully submitted this the 6th day of October, 2006.

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    s/Terry F. Moorer
    TERRY F. MOORER
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334)223-7280
    Fax: (334)223-7135
    E-mail: terry.moorer@usdoj.gov
    ASB-1176-O73T

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-cr-148-WHA-SRW |
| | ) | |
| BENJAMIN L. VANBUREN | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jeffery C. Duffey, Esquire.

    Respectfully submitted,

    s/Terry F. Moorer
    TERRY F. MOORER
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334)223-7280
    Fax: (334)223-7135
    E-mail: terry.moorer@usdoj.gov
    ASB-1176-O73T